# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GEORGE MOISES ROMERO, JR., <br>                 Plaintiff, <br>        v. <br> SCOTT MCAFEE, *et al.,* <br>                 Defendants. | Case No. 4:24-cv-00028-SLG |
| GEORGE MOISES ROMERO, JR., <br>                 Plaintiff, <br>        v. <br> KIRA PITZER, *et al.,* <br>                 Defendants. | Case No. 4:24-cv-00030-SLG |
| GEORGE MOISES ROMERO, JR., <br>                 Plaintiff, <br>        v. <br> NATHAN SMOOT, *et al.,* <br>                 Defendants. | Case No. 4:24-cv-00031-SLG |
| GEORGE MOISES ROMERO, JR., <br>                 Plaintiff, <br>        v. <br> STATE OF ALASKA and CITY OF FAIRBANKS, <br>                 Defendants. | Case No. 4:24-cv-00033-SLG |
| GEORGE MOISES ROMERO, JR., <br>                 Plaintiff, <br>        v. <br> GOVERNOR OF ALASKA, *et al.,* <br>                 Defendants. | Case No. 4:25-cv-00002-SLG |

## SCREENING ORDER

Pending before the Court are the five above-captioned civil actions filed by self-represented litigant George Moises Romero ("Plaintiff") between December 5, 2024, and January 15, 2025. Upon review, the five cases have similar deficiencies and contain overlapping claims and related factual allegations. Therefore, the Court now screens the cases collectively pursuant to 28 U.S.C. §§ 1915(e) and 1915A. Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the Courtview records of the Alaska Court System and of the criminal case involving Plaintiff filed in federal court.[1]

## I.    SCREENING STANDARD

Under the Prison Litigation Reform Act, a federal district court must screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[2] In this screening, a district court shall dismiss the case at any time if the court determines that the action:

(i)      is frivolous or malicious;

---

[1] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (12th ed. 2024); s*ee also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (internal citations and quotation marks omitted).

[2] 28 U.S.C. §§ 1915, 1915A.

Case No. 4:24-cv-00028-SLG, *Romero. Jr. v. McAfee, et al.*
Case No. 4:24-cv-00030-SLG, *Romero v. Pitzer, et al.*
Case No. 4:24-cv-00031-SLG, *Romero, Jr. v. Smoot, et al.*
Case No. 4:24-cv-00033-SLG, *Romero v. State of Alaska, et al.*
Case No. 4:25-cv-00002-SLG, *Romero v. Governor of Alaska, et al.*
Screening Order
Page 2 of 30

(ii)     fails to state a claim on which relief may be granted; or

(iii)    seeks monetary relief against a defendant who is immune from such relief.[3]

In conducting its screening review, a district court must accept as true the plausible allegations of the complaint, construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.[4] However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[5] Although the scope of review generally is limited to the contents of the complaint, a court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[6] Such documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[7] Before a court may dismiss any portion of a complaint, a court must provide a

---

[3] 28 U.S.C. § 1915(e)(2)(B).

[4] *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (holding a court must construe pleadings filed by self-represented litigants liberally and afford the complainant the benefit of any doubt).

[5] *Doe I v. Wal-Mart Stores, Inc.,* 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

[6] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[7] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001) (noting that a plaintiff can "plead himself out of a claim by including . . . details contrary to his claims").

Case No. 4:24-cv-00028-SLG, *Romero. Jr. v. McAfee, et al.*
Case No. 4:24-cv-00030-SLG, *Romero v. Pitzer, et al.*
Case No. 4:24-cv-00031-SLG, *Romero, Jr. v. Smoot, et al.*
Case No. 4:24-cv-00033-SLG, *Romero v. State of Alaska, et al.*
Case No. 4:25-cv-00002-SLG, *Romero v. Governor of Alaska, et al.*
Screening Order
Page 3 of 30

plaintiff with a statement of the deficiencies in the complaint and an opportunity to file an amended complaint, unless to do so would be futile.[8] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[9]

## II. DISCUSSION

### A. Requirements to State a Claim

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief."[10] While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[11] To determine whether a complaint states a valid claim for relief, a district court considers whether the complaint contains enough facts that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[12] A claim is plausible "when the plaintiff pleads factual

---

[8] *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[9] *Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986).

[10] Fed. R. Civ. P. 8(a)(2).

[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp.*, 550 U.S. at 555).

[12] *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are

Case No. 4:24-cv-00028-SLG, *Romero. Jr. v. McAfee, et al.*
Case No. 4:24-cv-00030-SLG, *Romero v. Pitzer, et al.*
Case No. 4:24-cv-00031-SLG, *Romero, Jr. v. Smoot, et al.*
Case No. 4:24-cv-00033-SLG, *Romero v. State of Alaska, et al.*
Case No. 4:25-cv-00002-SLG, *Romero v. Governor of Alaska, et al.*
Screening Order
Page 4 of 30

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[13]

Further, a federal court cannot act as an attorney for a self-represented litigant, such as by supplying the essential elements of a claim,[14] and it is not a court's responsibility to review filings or exhibits to identify possible claims. A plaintiff must allege that he suffered a specific injury because of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant.[15] Rule 8 requires "simplicity, directness, and clarity," such that a defendant should easily be able to determine "what he is being sued for."[16]

### B. Civil Rights Claims under 42 U.S.C. § 1983 ("Section 1983")

To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish that (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or

---

submitted with and attached to the Complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001)).

[13] *Ashcroft*, 556 U.S. at 678.

[14] *Pliler v. Ford,* 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

[15] *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

[16] *McHenry v. Renne,* 84 F.3d 1172, 1178 (9th Cir. 1996)

Case No. 4:24-cv-00028-SLG, *Romero. Jr. v. McAfee, et al.*
Case No. 4:24-cv-00030-SLG, *Romero v. Pitzer, et al.*
Case No. 4:24-cv-00031-SLG, *Romero, Jr. v. Smoot, et al.*
Case No. 4:24-cv-00033-SLG, *Romero v. State of Alaska, et al.*
Case No. 4:25-cv-00002-SLG, *Romero v. Governor of Alaska, et al.*
Screening Order
Page 5 of 30

Case 4:24-cv-00033-SLG     Document 6     Filed 04/14/25     Page 5 of 30

federal statutes.[17] To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.[18] To be deprived of a right, the defendant's action needs to either violate a right guaranteed by the Constitution or an enforceable right created by a federal statute.[19]  Section 1983 does not confer constitutional or federal statutory rights.  Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[20]

### III.    Screening Review of Plaintiff's Claims

#### A.    *Romero v. McAfee, et al. ("Case 28")*[21]

In Case 28, Plaintiff names Alaska State Trooper ("AST") Jeffrey Scott McAfee, his wife Melinda McAfee, and Parole Officer Greg Workman as Defendants. Plaintiff claims that on December 12, 2022, the McAfees called Plaintiff and threatened to retaliate against Plaintiff and falsely accuse him of crimes in order to prevent Plaintiff from promoting and hosting commercial combat sporting events at the Carlson Center. Plaintiff claims this was due to the McAfees'

---

[17] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[18] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[19] *Buckley v. City of Redding*, 66 F. 3d 188, 190 (9th Cir. 1995); *Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997).

[20] *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

[21] Case No. 4:24-cv-00028-SLG.

Case No. 4:24-cv-00028-SLG, *Romero. Jr. v. McAfee, et al.*
Case No. 4:24-cv-00030-SLG, *Romero v. Pitzer, et al.*
Case No. 4:24-cv-00031-SLG, *Romero, Jr. v. Smoot, et al.*
Case No. 4:24-cv-00033-SLG, *Romero v. State of Alaska, et al.*
Case No. 4:25-cv-00002-SLG, *Romero v. Governor of Alaska, et al.*
Screening Order
Page 6 of 30

own business interests, as owners of TMM Promotions.[22] On December 14, 2022, Melinda McAfee filed a petition for a stalking protective order against Plaintiff in state court, and a short-term protective order was issued by the state court that same day.[23] Then, on December 16, 2022, Plaintiff claims he was at the Carlson Center when Fairbanks Police Officer Jason Pace and Parole Officer Greg Workman approached Plaintiff and demanded that he leave the Carlson Center to accept service of the protective order at the Fairbanks Police Department.[24] Plaintiff claims these actions violated Plaintiff's "civil right to engage in interstate commerce."[25]

Plaintiff cannot bring a Section 1983 claim against Melinda McAfee because she is not a state actor. Whether he could bring a claim against AST McAfee depends on whether AST McAfee's involvement in the alleged events was under the authority of state law as a state actor or if his involvement was solely as Melinda's husband and not in his role as a state trooper.

Regardless, while there are federal statutes regarding certain business practices, Plaintiff cannot state a Section 1983 claim that Defendants "violated his

_____

[22] Case 28, Docket 1 at 4.

[23] *McAfee, Melinda Rae vs. Romero Jr, George Moises,* Case No. 4FA-22-00673CI.

[24] Case 28, Docket 1 at 8.

[25] Docket 1 at 5.

Case No. 4:24-cv-00028-SLG, *Romero. Jr. v. McAfee, et al.*
Case No. 4:24-cv-00030-SLG, *Romero v. Pitzer, et al.*
Case No. 4:24-cv-00031-SLG, *Romero, Jr. v. Smoot, et al.*
Case No. 4:24-cv-00033-SLG, *Romero v. State of Alaska, et al.*
Case No. 4:25-cv-00002-SLG, *Romero v. Governor of Alaska, et al.*
Screening Order
Page 7 of 30

civil right to engage in interstate commerce." There is no constitutional civil right to engage in interstate commerce.[26] Plaintiff may have been trying to assert a claim for international interference with a contract or prospective economic advantage— that the McAfee Defendants' motive for obtaining the protective order was based on their own business interests. But that is a state law claim, not a Section 1983 claim. And the Court cannot discern any federal constitutional or statutory violation Plaintiff is alleging against Parole Officer Workman. The Court finds that Case 28 fails to state a claim for which relief could be granted in federal court under Section 1983, and that permitting amendment would be futile. Therefore, Case 28 must be dismissed with prejudice and without leave to amend for failure to state a claim.

### B.    *Romero v. Pitzer, et al. ("Case 30")*[27]

In Case 30, Plaintiff names Parole Officer Kira Pitzer; Standing Master Spencer Ruppert; Fairbanks Police Officer Jason Pace; University of Alaska, Fairbanks (UAF) Police Officer Copeland; an unknown UAF Police Officer; Parole Officer Amber Terrill; Fairbanks Prosecutor Anna Ralph; Judge Matthew Christiansen; Public Defender Mary Kennedy; AST Michael Gho; AST Joshua

---

[26] The primary federal statutes that address unfair business practices or competition are the Sherman Act, 15 U.S.C. § 1 *et seq.*, and the Lanham Trade-Mark Act, 15 U.S.C. § 1051 *et seq.* Neither of these statutes would appear to have any applicability to the facts as alleged by Plaintiff in Case 28.

[27] Case No. 4:24-cv-00030-SLG.

Case No. 4:24-cv-00028-SLG, *Romero. Jr. v. McAfee, et al.*
Case No. 4:24-cv-00030-SLG, *Romero v. Pitzer, et al.*
Case No. 4:24-cv-00031-SLG, *Romero, Jr. v. Smoot, et al.*
Case No. 4:24-cv-00033-SLG, *Romero v. State of Alaska, et al.*
Case No. 4:25-cv-00002-SLG, *Romero v. Governor of Alaska, et al.*
Screening Order
Page 8 of 30

(Last Name Unknown); and three unnamed ASTs. Plaintiff's claims relate to the service of the protective order on December 16, 2022, his arrest on January 21, 2023, and his subsequent criminal prosecution.

Plaintiff asserts that Defendants Pace and others not named as defendants in Case 30 violated Plaintiff's "civil right to not have his liberty in engaging in competitive interstate commerce unjustly burdened" by ordering Plaintiff to leave the Carlson Center, presumably referring to the same event that is addressed in Case 28.[28] As explained above in the discussion of Case 28, there is no such federal constitutional right. This claim must be dismissed.

Plaintiff next alleges that on January 21, 2023, Defendants Jason Pace, Parole Officer Kara Pitzer, and Parole Officer Amber Terrill violated state law when they ordered him to report to the Parole Office "in order to prevent his participation in the UAF paralegal program."[29] Even if a state law was violated, which this Court need not determine, these allegations do not state a viable claim of a federal constitutional or statutory violation. This claim must be dismissed.

Next, Plaintiff alleges that Defendants AST Gho and AST Joshua (last name unknown) arrested Plaintiff on January 21, 2023, "using deadly force to bend

---

[28] Case 30, Docket 1 at 3.

[29] Case 30, Docket 1 at 4.

Case No. 4:24-cv-00028-SLG, *Romero. Jr. v. McAfee, et al.*
Case No. 4:24-cv-00030-SLG, *Romero v. Pitzer, et al.*
Case No. 4:24-cv-00031-SLG, *Romero, Jr. v. Smoot, et al.*
Case No. 4:24-cv-00033-SLG, *Romero v. State of Alaska, et al.*
Case No. 4:25-cv-00002-SLG, *Romero v. Governor of Alaska, et al.*
Screening Order
Page 9 of 30

Case 4:24-cv-00033-SLG     Document 6     Filed 04/14/25     Page 9 of 30

Romero over a work bench and humiliate Romero in various ways before transporting Romero to Fairbanks Correctional Center."[30]   When arresting a person, law enforcement officers may only use such force that is "objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation."[31] Whether the force used was excessive requires  a balancing of  "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake."[32] The governmental interest is measured by considering factors including:

    i.      the severity of the crime at issue;

    ii.     whether the suspect posed an immediate threat to the safety of the officers or others; and

    iii.    whether the suspect was actively resisting arrest or attempting to evade arrest by flight.[33]

"The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight."[34]  Further, the "analysis is not static, and the reasonableness of force

---

[30] Case 30, Docket 1 at 5.

[31] *Graham v. Connor,* 490 U.S. 386, 397 (1989).

[32] *Id.* at 396.

[33] *Id.* at 394.

[34] *Id.* at 396; *see Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015); *see also Demarest*

Case No. 4:24-cv-00028-SLG, *Romero. Jr. v. McAfee, et al.*
Case No. 4:24-cv-00030-SLG, *Romero v. Pitzer, et al.*
Case No. 4:24-cv-00031-SLG, *Romero, Jr. v. Smoot, et al.*
Case No. 4:24-cv-00033-SLG, *Romero v. State of Alaska, et al.*
Case No. 4:25-cv-00002-SLG, *Romero v. Governor of Alaska, et al.*
Screening Order
Page 10 of 30

may change as the circumstances evolve."[35] An officer's subjective intent or motivation is not relevant to the reasonableness inquiry.[36] Plaintiff may be able to state a claim for excessive force against Defendants AST Gho and AST Joshua (last name unknown) in connection with his January 21, 2023 arrest. But the Complaint in Case 30 is deficient in the way it does so, as explained below.

Plaintiff next asserts that Standing Master Spencer Ruppert, Public Defender Mary Kennedy, and Judge Matthew Christiansen all treated Plaintiff unfairly and improperly during the criminal case and that Prosecutor Anna Ralph maliciously prosecuted him, and did so to impede Plaintiff's "competitive interstate commerce."[37] Plaintiff gives a state court case number, 4FA-23-00155CR, but states that the case was "sealed to conceal crimes committed."[38]

---

*v. City of Vallejo*, 44 F.4th 1209, 1226 (9th Cir. 2022) ("[A]n 'officer's use of force cannot be deemed excessive based on facts that he [or she] reasonably would not have known or anticipated.'").

[35] *Hyde v. City of Willcox*, 23 F.4th 863, 870 (9th Cir. 2022); *see also Andrews v. City of Henderson*, 35 F.4th 710, 715 (9th Cir. 2022) ("All determinations of unreasonable force must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." (internal quotation marks omitted)).

[36] *See Graham*, 490 U.S. at 397; *Shafer v. Cnty. of Santa Barbara*, 868 F.3d 1110, 1116 (9th Cir. 2017).

[37] Case 30, Docket 1 at 6.

[38] Case 30, Docket 1 at 6. Alaska Statute § 22.35.030 provides for the removal of criminal cases on a publicly available website when a defendant has been acquitted of all charges filed in the case.

Case No. 4:24-cv-00028-SLG, *Romero. Jr. v. McAfee, et al.*
Case No. 4:24-cv-00030-SLG, *Romero v. Pitzer, et al.*
Case No. 4:24-cv-00031-SLG, *Romero, Jr. v. Smoot, et al.*
Case No. 4:24-cv-00033-SLG, *Romero v. State of Alaska, et al.*
Case No. 4:25-cv-00002-SLG, *Romero v. Governor of Alaska, et al.*
Screening Order
Page 11 of 30

Case 4:24-cv-00033-SLG    Document 6    Filed 04/14/25    Page 11 of 30

Malicious prosecution is a tort that is generally heard in state court. In order to prevail on a Fourth Amendment claim of malicious prosecution under Section 1983, a plaintiff "must show that the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right."[39] In addition, a plaintiff bringing such a claim must show a favorable termination of the underlying criminal case against him.[40] Thus, a Section 1983 claim may be viable against an arresting officer if the officer arrested a person without probable cause and did so in order deny the plaintiff a specific federal constitutional right. But as noted above, there is no federal constitutional right to engage in interstate commerce. Therefore, the Court finds that allowing amendment to attempt to state a Section 1983 malicious prosecution claim for the January 21, 2023 arrest would be futile.

Further, Plaintiff improperly names state judges, a prosecutor, and a criminal defense attorney as defendants. A plaintiff cannot state a claim against a judicial officer "because [a] judge is absolutely immune for judicial acts."[41] Similarly, a state prosecuting attorney enjoys absolute immunity from liability for her conduct in "pursuing a criminal prosecution" insofar as she acts within her role as an

---

[39] *Freeman v. City of Santa Ana,* 68 F.3d 1180, 1189 (9th Cir. 1995).

[40] *Thompson v. Clark*, 596 U.S. 36 (2022).

[41] *Simmons v. Sacramento Cnty. Superior Ct.,* 318 F. d 1156, 1161 (9th Cir. 2003).

Case No. 4:24-cv-00028-SLG, *Romero. Jr. v. McAfee, et al.*
Case No. 4:24-cv-00030-SLG, *Romero v. Pitzer, et al.*
Case No. 4:24-cv-00031-SLG, *Romero, Jr. v. Smoot, et al.*
Case No. 4:24-cv-00033-SLG, *Romero v. State of Alaska, et al.*
Case No. 4:25-cv-00002-SLG, *Romero v. Governor of Alaska, et al.*
Screening Order
Page 12 of 30

"advocate for the State" and her actions are "intimately associated with the judicial phase of the criminal process."[42] Additionally, an attorney appointed to represent a criminal defendant in a state court proceeding is "as a matter of law, . . . not a state actor,"[43] an essential element of a Section 1983 claim. Therefore, Plaintiff's claims against Standing Master Spencer Ruppert, Public Defender Mary Kennedy, Judge Matthew Christiansen, and Prosecutor Anna Ralph are all DISMISSED with prejudice and without leave to amend, as leave to amend as to these individuals would be futile.

Plaintiff will be permitted to file an amended complaint in Case 30 in accordance with this order solely with respect to an excessive force claim for the events of January 21, 2023 against Defendants Gho and AST Joshua (last name unknown) and any other officers that participated in that specific arrest.

### C. *Romero v. Smoot, et al. ("Case 31")*[44]

In Case 31, Plaintiff brings claims against Parole Officer Nathan Smoot, Parole Board Executive Director Jeff Edwards, and Parole Board Member Sarah Possenti based on events on and stemming from Plaintiff's arrest on June 4, 2024.

---

[42] *Imbler v. Pachtman,* 424 U.S. 409, 430-31 (1976).

[43] *See Miranda v. Clark Cnty.*, 319 F.3d 465, 468 (9th Cir. 2003), *cert. denied*, 540 U.S. 814 (2003).

[44] Case No. 4:24-cv-00031-SLG.

Case No. 4:24-cv-00028-SLG, *Romero. Jr. v. McAfee, et al.*
Case No. 4:24-cv-00030-SLG, *Romero v. Pitzer, et al.*
Case No. 4:24-cv-00031-SLG, *Romero, Jr. v. Smoot, et al.*
Case No. 4:24-cv-00033-SLG, *Romero v. State of Alaska, et al.*
Case No. 4:25-cv-00002-SLG, *Romero v. Governor of Alaska, et al.*
Screening Order
Page 13 of 30

Specifically, Plaintiff claims Parole Officer Smoot deliberately lied about the alleged parole violation so that Plaintiff would be arrested. Plaintiff claims that instead of contacting him or scheduling a parole violation hearing, Smoot applied for an arrest warrant.[45] Plaintiff seeks $75,000 in damages, $125,000 in punitive damages, an order requiring Defendants to show cause for holding him without bail, and release from custody.[46] Plaintiff also seeks to be freed from his conditions of parole.[47]

"The Fourteenth Amendment prohibits the deliberate fabrication of evidence by a [government] official."[48] To bring such a claim, a plaintiff must allege plausible facts that demonstrate "that (1) the defendant official deliberately fabricated evidence [that was used to criminally charge the plaintiff], and (2) the deliberate fabrication caused the plaintiff's deprivation of liberty."[49] Unlike a malicious

---

[45] Case 31, Docket 1 at 4-7.

[46] Case 31, Docket 1 at 7.

[47] *Id.*

[48] *Spencer v. Peters*, 857 F.3d 789, 793 (9th Cir. 2017); *Devereaux v. Abbey,* 263 F.3d 1070, 1076 (9th Cir. 2001); *see also Bradford v. Scherschligt,* 803 F.3d 382, 386 (9th Cir. 2015) ("A *Devereaux claim* is a claim that the government violated the plaintiff's due process rights by subjecting the plaintiff to criminal charges based on deliberately-fabricated evidence.").

[49] *Spencer,* 857 F.3d at 798; *Caldwell v. City & Cnty. of San Francisco,* 889 F.3d 1105, 1115 (9th Cir. 2018).

Case No. 4:24-cv-00028-SLG, *Romero. Jr. v. McAfee, et al.*
Case No. 4:24-cv-00030-SLG, *Romero v. Pitzer, et al.*
Case No. 4:24-cv-00031-SLG, *Romero, Jr. v. Smoot, et al.*
Case No. 4:24-cv-00033-SLG, *Romero v. State of Alaska, et al.*
Case No. 4:25-cv-00002-SLG, *Romero v. Governor of Alaska, et al.*
Screening Order
Page 14 of 30

prosecution claim, a deliberate fabrication of evidence claim does not require a showing that the criminal charges were terminated in the individual's favor.[50]

Plaintiff alleges that Officer Smoot deliberately fabricated evidence to obtain an arrest warrant, but he provides no indication as to what evidence was fabricated. Nor does Plaintiff allege that Defendant Possenti or Defendant Edwards deliberately fabricated any evidence. Plaintiff will be given an opportunity to file an amended complaint in Case 31 that attaches Officer Smoot's application for the arrest warrant and identifies precisely what statement(s) Officer Smoot included in that application that Plaintiff is asserting were deliberately fabricated. Plaintiff has failed to state a viable claim against either Defendant Possenti or Defendant Edwards for the deliberate fabrication of evidence; the claims against them must be dismissed with prejudice and without leave to amend, as leave to amend as to these Defendants would be futile.

### D.    *Romero v. State of Alaska, et al. ("Case 33")*[51]

In Case 33, Plaintiff names the State of Alaska and the City of Fairbanks as Defendants and claims that these Defendants violated his rights by failing to train their "police, parole, and officers as a whole . . . in upholding, supporting, and

---

[50] *Richards v. Cnty. of San Bernadino*, 39 F.4th 562, 566 (9th Cir. 2022).

[51] Case No. 4:24-cv-00033-SLG.

Case No. 4:24-cv-00028-SLG, *Romero. Jr. v. McAfee, et al.*
Case No. 4:24-cv-00030-SLG, *Romero v. Pitzer, et al.*
Case No. 4:24-cv-00031-SLG, *Romero, Jr. v. Smoot, et al.*
Case No. 4:24-cv-00033-SLG, *Romero v. State of Alaska, et al.*
Case No. 4:25-cv-00002-SLG, *Romero v. Governor of Alaska, et al.*
Screening Order
Page 15 of 30

defending the Supreme Law of the Land."[52] For relief, Plaintiffs request that Defendants immediately release him from custody; provide him with $50,000 to fix his two trucks and station wagon; and give him money to pay for two years of rent, his paralegal class, and his online Juris Doctorate. He also requests that he be hired and trained as a K-9 handler, that he be given a certificate of reform, and that Defendants pay a substantial fee for failed prosecutions and $100,000,000 for his wrongful incarceration.[53]

Plaintiff cannot maintain a Section 1983 claim against the State of Alaska because states and state agencies are not considered "persons" under Section 1983.[54] Therefore, the claims against the State of Alaska must be dismissed with prejudice.

A municipality, such as the City of Fairbanks, is a "person" for purposes of Section 1983 and may be sued for damages.[55] But to state a claim against a municipality under Section 1983, a plaintiff must allege facts that, if proven, would establish that the plaintiff's constitutional rights were violated pursuant to a policy or custom of the municipality.[56] Here, the Court has dismissed Plaintiff's claims

---

[52] Case 33, Docket 1.

[53] Case 33, Docket 1 at 9-10.

[54] *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 70 (1989).

[55] *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978).

[56] *Cortez v. Cnty. of Los Angeles,* 294 F.3d 1186, 1188 (9th Cir. 2001) (citing *Monell,* 436

Case No. 4:24-cv-00028-SLG, *Romero. Jr. v. McAfee, et al.*
Case No. 4:24-cv-00030-SLG, *Romero v. Pitzer, et al.*
Case No. 4:24-cv-00031-SLG, *Romero, Jr. v. Smoot, et al.*
Case No. 4:24-cv-00033-SLG, *Romero v. State of Alaska, et al.*
Case No. 4:25-cv-00002-SLG, *Romero v. Governor of Alaska, et al.*
Screening Order
Page 16 of 30

against City of Fairbanks Police Officer Jason Pace in Case 30. Therefore, there can be no viable claim against the City of Fairbanks and amendment would be futile.

For the foregoing reasons, the Complaint in Case 33 must be dismissed without leave to amend.

### E. *Romero v. Governor of Alaska, et al. ("Case 25-02")*[57]

Lastly, in Case 25-02, Plaintiff brings claims against the Governor of Alaska, the Alaska Department of Corrections ("DOC"), the Fairbanks Correctional Center ("FCC"), the DOC medical committee, unknown DOC weekend providers, and Nurse Maryann Sanders. Plaintiff alleges various claims, on behalf of himself and other prisoners regarding the conditions of confinement at FCC, including overcrowding, lack of outdoor recreation, insufficient access to the law library, and inadequate medical care.[58] Among other relief, he asks that the Governor of Alaska be ordered to significantly reduce overcrowding in DOC facilities by releasing certain prisoners, including himself. He also asks for an "immediate x-ray and second opinion of my spine and pinkie by a Doctor that does not work at Mt.

---

U.S. at 690-91).

[57] Case No. 4:25-cv-00002-SLG.

[58] Case 25-02, Docket 1 at 20.

Case No. 4:24-cv-00028-SLG, *Romero. Jr. v. McAfee, et al.*
Case No. 4:24-cv-00030-SLG, *Romero v. Pitzer, et al.*
Case No. 4:24-cv-00031-SLG, *Romero, Jr. v. Smoot, et al.*
Case No. 4:24-cv-00033-SLG, *Romero v. State of Alaska, et al.*
Case No. 4:25-cv-00002-SLG, *Romero v. Governor of Alaska, et al.*
Screening Order
Page 17 of 30

McKinely Orthopedics."[59] With the Case 25-02 Complaint, Plaintiff filed numerous pages of medical records, copies of RFIs and grievances, DOC records, and his legal research, including excerpts from court cases and dictionary definitions.

There are several deficiencies with this Complaint.

First, a non-attorney self-represented litigant may represent only his own interests and has "no authority to appear as an attorney for others than himself."[60] Plaintiff cannot bring claims on behalf of other prisoners and must not seek recovery on behalf of other inmates. Accordingly, the Court only considers the claims affecting Plaintiff personally.

Second, as noted above, Plaintiff cannot maintain a Section 1983 action against the State of Alaska or any of its agencies. Therefore, DOC and FCC must be dismissed from this action; this dismissal must be with prejudice and without leave to amend as amendment would be futile. Nor can Plaintiff, a self-represented litigant, maintain a claim against the Governor of Alaska seeking to

---

[59] Case 25-03, Docket 1 at 19-20.

[60] *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (non-attorney plaintiff may not attempt to pursue claim on behalf of others in a representative capacity); *Cato v. United States,* 70 F.3d 1103, 1105 n.1 (9th Cir. 1995) (non-attorney party may not represent other plaintiffs); *see also* Fed. R. Civ. P. 11 (filings that do not include the original signature of the filing self-represented party cannot be considered by the Court).

Case No. 4:24-cv-00028-SLG, *Romero. Jr. v. McAfee, et al.*
Case No. 4:24-cv-00030-SLG, *Romero v. Pitzer, et al.*
Case No. 4:24-cv-00031-SLG, *Romero, Jr. v. Smoot, et al.*
Case No. 4:24-cv-00033-SLG, *Romero v. State of Alaska, et al.*
Case No. 4:25-cv-00002-SLG, *Romero v. Governor of Alaska, et al.*
Screening Order
Page 18 of 30

reduce overcrowding at FCC. That claim must also be dismissed with prejudice and without leave to amend.

Plaintiff may be able to state a claim for the denial of adequate medical care to him against specific care providers at FCC. It appears Plaintiff was a pretrial detainee throughout all or much of the relevant time he has been in custody. If Plaintiff was in custody as a convicted prisoner because of parole violations, he shall clearly identify any such periods of time in an amended complaint.

Pretrial detainees may state a claim for unconstitutional conditions of confinement under the Due Process Clause of the Fourteenth Amendment.[61] To prevail on such a claim, a plaintiff must demonstrate that he has been deprived of "the minimal civilized measures of life's necessities."[62] Whether an inmate's conditions of confinement constitute a constitutional violation may depend in part on the length of exposure to the conditions.[63] Similarly, a pretrial detainee may bring a claim under the Fourteenth Amendment that asserts that a particular defendant failed to provide the plaintiff with needed medical care.

---

[61] *Bell v. Wolfish*, 441 U.S. 520, 535-37 & n.16 (1979); *Pierce v. Cnty. of Orange*, 526 F.3d 1190, 1205 (9th Cir. 2008).

[62] *Allen v. Sakai,* 48 F.3d 1082, 1084 (9th Cir. 1995) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)).

[63] *Keenan v. Hall,* 83 F.3d 1083, 1089 (9th Cir. 1996) (citing *Hutto v. Finney,* 437 U.S. 678, 686-87 (1978) ("A filthy, overcrowded cell and a diet of 'gruel' may be tolerable for a few days and intolerably cruel for weeks or months.")).

Case No. 4:24-cv-00028-SLG, *Romero. Jr. v. McAfee, et al.*
Case No. 4:24-cv-00030-SLG, *Romero v. Pitzer, et al.*
Case No. 4:24-cv-00031-SLG, *Romero, Jr. v. Smoot, et al.*
Case No. 4:24-cv-00033-SLG, *Romero v. State of Alaska, et al.*
Case No. 4:25-cv-00002-SLG, *Romero v. Governor of Alaska, et al.*
Screening Order
Page 19 of 30

Case 4:24-cv-00033-SLG    Document 6    Filed 04/14/25    Page 19 of 30

To state a conditions-of-confinement claim or inadequate medical care claim under the Due Process Clause of the Fourteenth Amendment, a pretrial detainee must plead sufficient plausible facts, accepted as true, showing each of the following:

(1) the defendant made an intentional decision regarding the conditions under which the plaintiff was confined or the denial of needed medical care;

(2) those conditions or the denial of needed medical care put the plaintiff at substantial risk of suffering serious harm;

(3) the defendant did not take reasonable available measures to abate or reduce that risk of serious harm, even though a reasonable officer in the circumstances would have understood the high degree of risk involved—making the consequences of the defendant's conduct obvious; and

(4) by not taking such measures, the defendant caused the plaintiff's injuries.[64]

With respect to the third element, the defendant's conduct must be objectively unreasonable.[65] "[M]ere lack of due care by a state official" is not enough to show

---

[64] *See* Ninth Circuit Manual of Model Civil Jury Instructions, Instructions 9.30 (Pretrial Detainee's Claim of Conditions of Confinement/Medical Care) and the cases cited therein.

[65] *See Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1067-71 (9th Cir. 2016) (en banc).

Case No. 4:24-cv-00028-SLG, *Romero. Jr. v. McAfee, et al.*
Case No. 4:24-cv-00030-SLG, *Romero v. Pitzer, et al.*
Case No. 4:24-cv-00031-SLG, *Romero, Jr. v. Smoot, et al.*
Case No. 4:24-cv-00033-SLG, *Romero v. State of Alaska, et al.*
Case No. 4:25-cv-00002-SLG, *Romero v. Governor of Alaska, et al.*
Screening Order
Page 20 of 30

Case 4:24-cv-00033-SLG     Document 6     Filed 04/14/25     Page 20 of 30

a constitutional violation; instead the plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard."[66]

Plaintiff may be able to state a claim against specific health care providers or correctional officers at FCC that he alleges denied him needed medical care or imposed unconstitutional conditions of confinement. Therefore, he will be accorded leave to file an amended complaint in Case 25-02. The amended complaint must separately identify each defendant who allegedly caused Plaintiff an injury, describe the injury that occurred, when that injury occurred, and the intentional decision of that defendant with respect to Plaintiff's conditions of confinement or denial of medical care that caused Plaintiff's injury.

### F. *Conclusion*

Based on the foregoing, the Court grants Plaintiff leave to file an amended complaint (1) in Case 30 but only as to the excessive force claim related to Plaintiff's arrest on January 21, 2023; (2) in Case 31 but only as to Parole Officer Smoot's alleged fabrication of evidence in his application for an arrest warrant on June 4, 2024; and (3) in Case 25-02 but only for claims related to Plaintiff's conditions of confinement or denial of medical care while at FCC. The remaining

---

[66] *Alexander v. Nguyen*, 78 F.4th 1140, 1144-45 (9th Cir. 2023) (internal quotation omitted).

Case No. 4:24-cv-00028-SLG, *Romero. Jr. v. McAfee, et al.*
Case No. 4:24-cv-00030-SLG, *Romero v. Pitzer, et al.*
Case No. 4:24-cv-00031-SLG, *Romero, Jr. v. Smoot, et al.*
Case No. 4:24-cv-00033-SLG, *Romero v. State of Alaska, et al.*
Case No. 4:25-cv-00002-SLG, *Romero v. Governor of Alaska, et al.*
Screening Order
Page 21 of 30

two cases, Case 28 and Case 33, are dismissed with prejudice for failure to state a claim for relief.

Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the District of Alaska's Local Civil Rules, and all Court orders.[67] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of the action. Rule 11 of the Federal Rules of Civil Procedure requires that in any pleading filed with the Court, the attorney or unrepresented party filing the document "certifies that to the best of the person's knowledge" "the factual contentions have evidentiary support."

## IV. FILING AN AMENDED COMPLAINT

An amended complaint replaces the prior complaint in its entirety.[68] Any claim not included in the amended complaint will be considered waived. A complaint must allege sufficient factual matter, accepted as true, to state a plausible claim for relief.[69] A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. An amended complaint must contain separately

---

[67] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Court's Local Rules: https://www.akd.uscourts. gov/court-info/local-rules-and-orders/local-rules.

[68] *See* Fed. R. Civ. P. 15; District of Alaska Local Civil Rule 15.1.

[69] Fed. Rule Civ. Proc. 8(a)(2).

Case No. 4:24-cv-00028-SLG, *Romero. Jr. v. McAfee, et al.*
Case No. 4:24-cv-00030-SLG, *Romero v. Pitzer, et al.*
Case No. 4:24-cv-00031-SLG, *Romero, Jr. v. Smoot, et al.*
Case No. 4:24-cv-00033-SLG, *Romero v. State of Alaska, et al.*
Case No. 4:25-cv-00002-SLG, *Romero v. Governor of Alaska, et al.*
Screening Order
Page 22 of 30

numbered, clearly identified claims. If handwritten, it must be legible. Each claim must identify the specific injury that the plaintiff is alleging has occurred, when that injury occurred, where that injury was caused, and who the plaintiff is alleging caused that specific injury. In addition, each allegation of an amended complaint must be set forth in sequentially numbered short paragraphs, with no paragraph number being repeated anywhere in the complaint.[70] Rule 10(b) of the Federal Rules of Civil Procedure requires that "[a] party must state its claims or defenses as numbered paragraphs, each limited as far as practicable to a single set of circumstances."

Although Plaintiff is being given an opportunity to file amended complaints, he must not expand the scope of a case by alleging new unrelated parties or claims. An amended complaint must only include claims that affected Plaintiff personally and not any other individual. An amended complaint must not include any claims or defendants for which Plaintiff lacks a sufficient legal or factual basis. An amended complaint must not include any defendants or claims that have been dismissed with prejudice.

---

[70] A complaint must consist of continuously numbered paragraphs from beginning to end; do not start each new section with number 1. This allows ease of reference to the various allegations in the complaint and permits the defendants to admit or deny each specific allegation by paragraph.

Case No. 4:24-cv-00028-SLG, *Romero. Jr. v. McAfee, et al.*
Case No. 4:24-cv-00030-SLG, *Romero v. Pitzer, et al.*
Case No. 4:24-cv-00031-SLG, *Romero, Jr. v. Smoot, et al.*
Case No. 4:24-cv-00033-SLG, *Romero v. State of Alaska, et al.*
Case No. 4:25-cv-00002-SLG, *Romero v. Governor of Alaska, et al.*
Screening Order
Page 23 of 30

Case 4:24-cv-00033-SLG    Document 6    Filed 04/14/25    Page 23 of 30

If Plaintiff chooses to file an amended complaint in Case 30, Case 31, and/or Case 25-02, the Court will screen the amended complaint to determine whether it is subject to dismissal or whether there are any plausible claims that may proceed to the next stage of litigation. Should any amended complaint proceed beyond the screening stage, the Court will order service of that complaint on Defendant(s). Plaintiff must not attempt to serve any Defendant until the Court so orders.

## V.    PLAINTIFF'S FILINGS ARE DEFICIENT

Plaintiff filed incomplete applications to proceed without prepaying the filing fee in each case. In each case in which Plaintiff elects to file an amended complaint, Plaintiff must either pay the filing fee of $405.00 in that case or file a completed application to waive prepayment of the filing fee.[71] Each application must include a statement from Plaintiff's prisoner trust account for the past six months.[72] Federal law only allows prisoners to waive *prepayment* of the fees associated with civil lawsuits.[73] Prisoners must pay the filing fee incrementally until paid in full, regardless of the outcome of the action.[74] If Plaintiff files an amended complaint that passes the screening stage, the Court will then issue a separate

---

[71] Local Civil Rule 3.1.

[72] Local Civil Rule 3.1(c)(3).

[73] 28 U.S.C. § 1915(a)-(b).

[74] 28 U.S.C. § 1915(b)(1)&(2).

Case No. 4:24-cv-00028-SLG, *Romero. Jr. v. McAfee, et al.*
Case No. 4:24-cv-00030-SLG, *Romero v. Pitzer, et al.*
Case No. 4:24-cv-00031-SLG, *Romero, Jr. v. Smoot, et al.*
Case No. 4:24-cv-00033-SLG, *Romero v. State of Alaska, et al.*
Case No. 4:25-cv-00002-SLG, *Romero v. Governor of Alaska, et al.*
Screening Order
Page 24 of 30

order on the collection of the filing fee from Plaintiff's inmate account for each such case.

## VI.    THE THREE STRIKES RULE

The Prison Litigation Reform Act requires that a self-represented prisoner receive a "strike" when a case he has filed in federal court is dismissed "as frivolous or malicious or fails to state a claim upon which relief may be granted."[75] The "three strikes" provision was "designed to filter out the bad claims and facilitate consideration of the good."[76] Once a prisoner-plaintiff has accumulated three strikes, he is prohibited from bringing any other cases in federal court without prepaying the full filing fee unless he makes "plausible allegations" that he "is under imminent danger of serious physical injury" at the time of filing his complaint.[77] Imminent danger requires an allegation that a harm is "ready to take place" or "hanging threateningly over one's head."[78] It cannot be triggered solely by complaints of past injury or generalized fears of possible future harm.[79] In addition

---

[75] 28 U.S.C. § 1915(g).

[76] *Jones v. Bock,* 549 U.S. 199, 204 (2007).

[77] 28 U.S.C. § 1915(g).

[78] *Andrews v. Cervantes,* 493 F.3d 1047, 1056 (9th Cir. 2007) (cleaned up).

[79] *Id.* at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint.").

Case No. 4:24-cv-00028-SLG, *Romero. Jr. v. McAfee, et al.*
Case No. 4:24-cv-00030-SLG, *Romero v. Pitzer, et al.*
Case No. 4:24-cv-00031-SLG, *Romero, Jr. v. Smoot, et al.*
Case No. 4:24-cv-00033-SLG, *Romero v. State of Alaska, et al.*
Case No. 4:25-cv-00002-SLG, *Romero v. Governor of Alaska, et al.*
Screening Order
Page 25 of 30

to being "imminent," the alleged danger must also be "both fairly traceable to unlawful conduct alleged in [the] complaint and redressable by the court."[80]

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Complaints filed in all five above-captioned cases at **Docket 1 are DISMISSED** for failing to state a claim upon which relief could be granted. The Court grants Plaintiff leave to file an amended complaint in Case No. 4:24-cv-00030-SLG, Case No. 4:24-cv-00031-SLG, and Case No. 4:25-cv-00002-SLG only, and only as to the specific claims and defendants identified in this order.

2. The Complaints in Case Nos. 4:24-cv-00028-SLG and 4:24-cv-00033-SLG are each **DISMISSED with prejudice and without leave to amend.** Any pending motions in these cases are **DENIED as moot.** The Clerk of Court shall issue a final judgment in each of these two cases.

3. Plaintiff's incomplete applications to waive prepayment of the filing fee in **Case 30, Case 31, and Case 25-02 are each DENIED** without prejudice to filing complete applications.

4. If Plaintiff elects to file an amended complaint in **Case 30, Case 31, or Case 25-02**, he must either pay the filing fee of $405.00 or file a completed

---

[80] *Ray v. Lara,* 31 F.4th 692, 701 (9th Cir. 2022) (adopting nexus requirement between the alleged imminent danger and the violations of law alleged in the complaint for imminent danger exception to the PLRA three-strikes provision).

Case No. 4:24-cv-00028-SLG, *Romero. Jr. v. McAfee, et al.*
Case No. 4:24-cv-00030-SLG, *Romero v. Pitzer, et al.*
Case No. 4:24-cv-00031-SLG, *Romero, Jr. v. Smoot, et al.*
Case No. 4:24-cv-00033-SLG, *Romero v. State of Alaska, et al.*
Case No. 4:25-cv-00002-SLG, *Romero v. Governor of Alaska, et al.*
Screening Order
Page 26 of 30

Case 4:24-cv-00033-SLG     Document 6     Filed 04/14/25     Page 26 of 30

application to waive prepayment of the filing fee in each case within **60 days** of the date of this order. The application to waive prepayment of the filing fee must be completed, signed, and include a copy of the prisoner's trust account statement for the past six months.

5.      If Plaintiff fails to pay the filing fee or file an application to waive prepayment in **Case 30, Case 31, or Case 25-02** in accordance with this order, that case will be dismissed as a deficient filing without further notice to Plaintiff.

**6.**      Plaintiff is accorded **60 days** from the date of this order to file **one of the following in Case 30, Case 31, and Case 25-02:**

    a.  First Amended Complaint, in which Plaintiff revises his complaint to address the deficiencies identified in this order. An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order; OR

    b.  Notice of Voluntary Dismissal, in which Plaintiff elects to close and end that case.

7.      If Plaintiff fails to respond to this order in **Case 30, Case 31, and Case 25-02**, or if an amended complaint is dismissed as frivolous, malicious, or for failure to state a plausible claim, it will count as a strike against Plaintiff in each such case.

Case No. 4:24-cv-00028-SLG, *Romero. Jr. v. McAfee, et al.*
Case No. 4:24-cv-00030-SLG, *Romero v. Pitzer, et al.*
Case No. 4:24-cv-00031-SLG, *Romero, Jr. v. Smoot, et al.*
Case No. 4:24-cv-00033-SLG, *Romero v. State of Alaska, et al.*
Case No. 4:25-cv-00002-SLG, *Romero v. Governor of Alaska, et al.*
Screening Order
Page 27 of 30

Case 4:24-cv-00033-SLG      Document 6      Filed 04/14/25      Page 27 of 30

8.      Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the Local Civil Rules, and all Court orders.[81] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of this action.

9.      At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address."  The Notice shall contain only information about the change of address and its effective date.[82]  The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice.

10.     If Plaintiff is released from custody while a case remains pending and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) pay the unpaid balance of his filing fee, or (2) file a Non-Prisoner

---

[81]  Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Court's Local Rules: https://www.akd.uscourts. gov/court-info/local-rules-and-orders/local-rules.

[82]  See Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number").

Case No. 4:24-cv-00028-SLG, *Romero. Jr. v. McAfee, et al.*
Case No. 4:24-cv-00030-SLG, *Romero v. Pitzer, et al.*
Case No. 4:24-cv-00031-SLG, *Romero, Jr. v. Smoot, et al.*
Case No. 4:24-cv-00033-SLG, *Romero v. State of Alaska, et al.*
Case No. 4:25-cv-00002-SLG, *Romero v. Governor of Alaska, et al.*
Screening Order
Page 28 of 30

Case 4:24-cv-00033-SLG     Document 6     Filed 04/14/25     Page 28 of 30

Application to Waive the Filing Fee (Form PS11).[83] Failure to comply may result in dismissal of the action.

11. When the Court receives a filing from a self-represented litigant, the Clerk's Office will mail the litigant a Notice of Electronic Filing ("NEF") that indicates when the document was filed and the docket number of the document in the electronic case file for the case.

12. All litigants are responsible for keeping copies of everything filed with the Court. As a courtesy, the Clerk's Office will keep original filings from self-represented litigants, including exhibits, for 180 days from the date the document was filed. However, litigants should not send important original documents or documents that cannot be replaced to the Court. If an original must be returned, a Motion for Return of Document should be filed as soon as possible.

13. Copies of documents filed with the Court may be obtained from the Clerk's Office for 50 cents per page. Litigants and members of the public may also print information from the Court's docket using the public computer terminal located in the Clerk's Office for 10 cents per page. In the event of special circumstances or serious financial need, a litigant may file a motion asking for the copying costs to be waived or reduced. Litigants may also set up an account for

---

[83] The Court's template forms are available upon request from the Clerk's office and on the Court's website at https://www.akd.uscourts.gov/forms.

Case No. 4:24-cv-00028-SLG, *Romero. Jr. v. McAfee, et al.*
Case No. 4:24-cv-00030-SLG, *Romero v. Pitzer, et al.*
Case No. 4:24-cv-00031-SLG, *Romero, Jr. v. Smoot, et al.*
Case No. 4:24-cv-00033-SLG, *Romero v. State of Alaska, et al.*
Case No. 4:25-cv-00002-SLG, *Romero v. Governor of Alaska, et al.*
Screening Order
Page 29 of 30

online access to electronic records through the Public Access to Court Electronic Records (PACER) service.

14.     All case-related inquiries should be directed to the Clerk's Office. It is not permissible to write, telephone, or otherwise try to directly communicate with the judge assigned to the case. A litigant may contact the Clerk's Office for questions regarding Court procedures or assistance accessing legal forms and resources.  Please note that Clerk's Office staff are prohibited by law from providing legal advice.

15.     With this order, the Clerk of Court is directed to send (1) three copies of  form PS10, Prisoner's Application to Waive Prepayment of the Filing Fee; (2) three copies of form PS01, with "FIRST AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (3) three copies of form PS09, Notice of Voluntary Dismissal; and (4) form PS23, Notice of Change of Address.

DATED this 14th day of April, 2025, at Anchorage, Alaska.

/s/ Sharon L. Gleason
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

Case No. 4:24-cv-00028-SLG, *Romero. Jr. v. McAfee, et al.*
Case No. 4:24-cv-00030-SLG, *Romero v. Pitzer, et al.*
Case No. 4:24-cv-00031-SLG, *Romero, Jr. v. Smoot, et al.*
Case No. 4:24-cv-00033-SLG, *Romero v. State of Alaska, et al.*
Case No. 4:25-cv-00002-SLG, *Romero v. Governor of Alaska, et al.*
Screening Order
Page 30 of 30

Case 4:24-cv-00033-SLG     Document 6     Filed 04/14/25     Page 30 of 30